Michael Eshaghian, Bar No. 300869
michael@meshiplaw.com
Mesh IP Law, PC
5632 Van Nuys Blvd. #1395
Van Nuys, CA 91401
Telephone: (213) 357-5668

Janice Housey (admitted *pro hac vice*)
jhousey@litmuslaw.com
Litmus Law PLLC
4 Weems Lane #240
Winchester, VA 22601
(703) 957-5274

*Attorneys for Plaintiff*
*Stallion Infrastructure Services, Ltd.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STALLION INFRASTRUCTURE SERVICES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> STALLION PRO SERVICES LLC, <br><br> Defendant. | Case No. 2:26-cv-01836-FLA-PVC <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **Federal Trademark Infringement** <br> 2. **California Unfair Competition** <br> 3. **Cyberpiracy** <br><br> **DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED COMPLAINT

Plaintiff, Stallion Infrastructure Services, Ltd. ("Stallion Infrastructure"), by and through its undersigned counsel, states and alleges against Defendant, Stallion Pro Services LLC ("Stallion Pro" or "Defendant"), as follows:

## **INTRODUCTION**

1.     This case involves willful trademark infringement, unfair competition, and cyberpiracy.

2.     Stallion Infrastructure is a well-established and nationally recognized provider of temporary infrastructure equipment and services headquartered in Houston, Texas, and with offices and equipment deployments all over the U.S.

3.     Stallion Infrastructure maintains a website at the domain name stallionis.com (the "Stallion Infrastructure Domain Name").

4.     Stallion Infrastructure owns numerous trademarks protecting its brand, including federal trademark registrations as well as common law rights in its trademarks.

5.     Stallion Infrastructure began using its valuable "Stallion" brand at least as early as 2003 in connection with its site services. At inception, Stallion Infrastructure operated under the name Stallion Oilfield Services Ltd. This name reflected its early business line: providing oilfield services. Since that time, Stallion Infrastructure has continued to grow and diversify. In 2023, Stallion Infrastructure formally adopted its new name: Stallion Infrastructure Services, Ltd., which more accurately reflected its evolving business. Since at least as early as 2019, Stallion Infrastructure has offered various services for not only oilfield and construction sites but also for festivals, events, disasters (e.g., hurricanes, floods and wildfires) and other market segments requiring its equipment and services. These services include providing remote power and lighting, portable restrooms, restroom trailers, remote treatment and repurposing of waste water, security and surveillance, temporary sleeping quarters and offices, and communications and connectivity. As part of its customer service, Stallion Infrastructure has a dedicated "Special Events" team to address customer needs for such facilities and equipment for all types of special events, including entertainment

FIRST AMENDED COMPLAINT

and media content development, tournaments, fairs, festivals, etc. Stallion Infrastructure has continued to build and expand its business line and its goodwill in its brand over the last two decades through extensive marketing and investment as well as developing its common law trademark rights, filing federal trademark applications and maintaining federal trademark registrations.

6. Stallion Infrastructure has adopted and has used all of the following relevant trademarks, all of which are registered in the United States Patent and Trademark Office:

| Mark | Reg. No. | Relevant Goods/Services |
|---|---|---|
| STALLION | 3642886 | Class 37: Oilfield equipment rental services, namely, the rental of rig housing accommodations, surface equipment, composite and wood mats for road and drilling locations, construction equipment used in wellsite construction and de-commissioning, well-site construction crews, rig and equipment moving trucks and cranes, and various other auxillary rental equipment used before, during and after drilling operations<br>Class 43: Arranging temporary rental housing accommodations |
| STALLION | 7385807 | Class 36: Rental of office space<br>Class 37: Equipment rental services, namely, rental of remote power |

FIRST AMENDED COMPLAINT

| | | generation equipment, pumps and oilfield equipment rental services featuring rental of surface equipment, composite and wood mats for road and drilling locations, construction equipment used in wellsite construction and de-commissioning, rig and equipment moving trucks and cranes |
| | | Class 38: Providing voice and data communication services, namely, transmission of voice and data via the internet |
| | | Class 39: Rental of equipment for storage of water; water storage services |
| | | Class 40: Rental of equipment for treatment, recycling and repurposing of water; water treatment services; worksite sanitation services, namely, sanitizing and disinfecting surfaces and equipment for others |
| | | Class 43: Arranging temporary workforce housing accommodations; rental of temporary workforce housing accommodations; rental of lighting equipment for the purpose of establishing portable infrastructure |

4

FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| | | Class 45: Providing security surveillance and monitoring of premises for others |
| STALLION | 7385809 | Class 36: Rental of office space Class 37: Equipment rental services, namely, rental of remote power generation equipment, pumps and oilfield equipment rental services featuring rental of surface equipment, composite and wood mats for road and drilling locations, construction equipment used in wellsite construction and de-commissioning, rig and equipment moving trucks and cranes Class 38: Providing voice and data communication services, namely, transmission of voice and data via the internet Class 39: Rental of equipment for storage of water; water storage services Class 40: Rental of equipment for treatment, recycling and repurposing of water; water treatment services; worksite sanitation services, namely, sanitizing and disinfecting surfaces and equipment for others |

5

FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| | | Class 43: Arranging temporary workforce housing accommodations; rental of temporary workforce housing accommodations; rental of lighting equipment for the purpose of establishing portable infrastructure<br><br>Class 45: Providing security surveillance and monitoring of premises for others |
| | 5295829 | Class 37: Rental of oil well drilling equipment; rental of construction equipment, machines and apparatus, including equipment for road construction<br><br>Class 38: Satellite communications services<br><br>Class 43: Arranging temporary rental housing accommodations; rental of temporary accommodations on drilling rigs |
| | 5295830 | Class 37: Rental of oil well drilling equipment; rental of construction equipment, machines and apparatus, including equipment for road construction<br><br>Class 38: Satellite communications services |

6

FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| | | Class 43: Arranging temporary rental housing accommodations; rental of temporary accommodations on drilling rigs |
| | 3144846 | Class 37: oilfield equipment rental services, namely, the rental of rig housing accommodations, surface equipment, composite and wood mats for road and drilling locations, construction equipment used in wellsite construction and de-commissioning, well-site construction crews, rig and equipment moving trucks and cranes, and various other auxiliary rental equipment used before, during and after drilling operations<br><br>Class 43: Arranging temporary rental housing accommodations |
| STALLION UNIVERSITY | 3787736 | Class 41: Education services, namely, providing classes, seminars, conferences, workshops, training and information in the field of oilfield services, including online classes in the field of oilfield services |
| | 6097354 | Class 40: Rental of gas-powered electric generators for use in oilfields |

7

FIRST AMENDED COMPLAINT

| STARCOMM STALLION REMOTE COMMUNICATIONS | 3317824 | Class 9: Satellite dishes, antenna, satellite telephones, wireless telephones, handsets, battery chargers, fax machines, intercoms, computer network hubs, switches and routers<br>Class 12: Satellite communications equipment trailers and service trucks<br>Class 38: Satellite remote communications services |
| | 3302264 | Class 9: Satellite dishes, antenna, satellite telephones, wireless telephones, handsets, battery chargers, fax machines, intercoms, computer network hubs, switches and routers<br>Class 12: Satellite communications equipment trailers and service trucks<br>Class 38: Satellite remote communications services |
| | 5833001 | Class 39: rental of oilfield equipment for use in connection with the storage of freshwater<br>Class 40: rental of oilfield equipment for use in connection with the treatment and repurposing of wastewater |

8

FIRST AMENDED COMPLAINT

(Hereinafter, these trademarks are referred to as the "Stallion Infrastructure Trademarks" and the U.S. registrations for the Stallion Infrastructure Trademarks will be hereinafter referred to as the "Stallion Infrastructure Registrations" and the goods and services recited in these registrations will be hereinafter referred to as the "Stallion Infrastructure Goods and Services.") Copies of the Stallion Infrastructure Registrations are attached hereto as Exhibit A.

7. These Stallion Infrastructure Registrations constitute *prima facie* evidence of Stallion Infrastructures' exclusive right to use the Stallion Infrastructure Trademarks throughout the United States under Trademark Act, 15 U.S.C. §1115, for the Stallion Infrastructure Goods and Services.

8. Registration Nos. 3642886, 5295829, 5295830, 3144846, 3787736, 6097354, 3317824, 3302264, 5833001 are incontestable and thus are conclusive evidence of the validity of the Stallion Infrastructure Trademarks, of the registration of the marks, of Stallion Infrastructure's ownership of the marks, and of its exclusive right to use the marks in connection with the Stallion Infrastructure Goods and Services under Trademark Act, 15 U.S.C. §§1065 and 1115(b).

9. For over 20 years, Stallion Infrastructure has provided and continues to provide Stallion Infrastructure Goods and Services to a wide range of industries that require temporary infrastructure including, but not limited to, the energy field, construction, pipelines, petrochemical, government, and healthcare. Stallion Infrastructure provides services such as temporary offices and housing, sanitation, surveillance, power, water, communications, storage, and other infrastructure for job sites and facilities.

10. Upon information and belief, Defendant was founded several months ago in California.

11. Defendant provides services which are closely related, overlapping, and identical to the Stallion Infrastructure Goods and Services, including providing portable restrooms, storage containers, temporary fencing, and temporary power set-ups for various industries, such as construction and special events.

9

FIRST AMENDED COMPLAINT

12.     Upon information and belief, Defendant selected the trade name and trademark Stallion Site Services and/or Stallion Pro Services with the intent to trade off Stallion Infrastructure's valuable brand and goodwill by confusing consumers into falsely associating Defendant's services with Stallion Infrastructure and Stallion Infrastructure Goods and Services and/or with reckless disregard of Stallion Infrastructure's valuable intellectual property rights.

13.     Defendant also acquired internet domain names that incorporate and/or are confusingly similar to the Stallion Infrastructure Trademarks and the Stallion Infrastructure Domain Name. Specifically, Defendant purchased and uses the domain names stallionsiteservices.com and stallionproservices.com (the "Infringing Domain Names").

14.     Stallion Infrastructure provides its Stallion Infrastructure Goods and Services throughout the U.S., including in this District where Defendant offers its closely related services, including by advertising and promoting the Stallion Infrastructure Trademarks and the Stallion Infrastructure Goods and Services at the website accessed at the Stallion Infrastructure Domain Name.

## PARTIES

15.     Stallion Infrastructure is a Texas Limited Partnership with its principal place of business at 950 Corbindale Road, Suite 400, Houston, Texas 77024.

16.     Upon information and belief, Stallion Infrastructure is informed and believes that Defendant is a California limited liability company with its principal place of business at 4123 West Olive Ave, Burbank, California 91505 and is registered to do business in California. Prior to a name change in late 2025, Defendant operated under the name Stallion Site Services, LLC.

17.     Despite the Stallion Infrastructure Trademarks and the rights accrued thereunder, Defendant adopted a STALLION trademark and a design of a horse or stallion including but not limited to:



FIRST AMENDED COMPLAINT

**STALLION**
PRO SERVICES

(together, the "Infringing Marks").

## JURISDICTION AND VENUE

18.     This is an action under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)-(d), 18 U.S.C. § 1836, California Business & Professions Code §§ 14245, § 17200, et seq. and the common law.

19.     This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law).

20.     This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

21.     This Court has supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

22.     Defendant is subject to personal jurisdiction in this judicial district because Defendant is headquartered in this District, engaged in the acts complained of below in this District, and regularly transact business in this District.

23.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district and/or Defendant resides in this district.

## STALLION INFRASTRUCTURE'S
## BUSINESS AND TRADEMARK RIGHTS

24.     Established in 2002, Stallion Infrastructure is a well-established and nationally recognized mission-critical and infrastructure service provider.

25.     Since at least as early as 2003, Stallion Infrastructure has promoted, rendered, offered and sold its Stallion Infrastructure Goods and Services under a

11
FIRST AMENDED COMPLAINT

STALLION trademark and under a trademark that consisted of or included the design of a stallion, including those identified above as Stallion Infrastructure Trademarks.

26. In 2003, Stallion Infrastructure launched its original website, stallionoilfield.com. In or around 2023, Stallion Infrastructure migrated to stallionis.com. The Stallion Infrastructure Domain Name is still in use today.

27. Over the years, Stallion Infrastructure steadily broadened its scope of operations, combining its workforce-housing core business with logistics, maintenance, and other field-support capabilities, including but not limited to providing site-related services such as provision of portable restrooms, surveillance goods and services, temporary storage, and power generators.

28. In 2023, the company rebranded itself as Stallion Infrastructure Services to reflect its broad service offerings, namely infrastructure services designed to meet a variety of temporary site needs, including for special events. As part of the rebrand, the company launched a new website, stallionis.com, which it still uses today.

29. Today, Stallion Infrastructure offers a full suite of temporary infrastructure solutions—remote housing, power and lighting, sanitation, surveillance, storage, and connectivity—across a variety of industries, all under the Stallion Infrastructure Trademarks.

## DEFENDANT ADOPTS AN INFRINGING TRADEMARK

30. Upon information and belief, in 2025, many years after Stallion Infrastructure acquired rights in its Stallion Infrastructure Trademarks, Defendant purchased the Infringing Domain Names and launched its website(s) at these domain names sometime thereafter.

31. Despite Stallion Infrastructure's substantial and clear senior trademark rights in the Stallion Infrastructure Trademarks and ownership of the Stallion Infrastructure Registrations and Stallion Infrastructure's continuous use of the Stallion Infrastructure Trademarks for the Stallion Infrastructure Goods and Services, and Stallion Infrastructure's notification to Defendant of such continuous use by Stallion

FIRST AMENDED COMPLAINT

Infrastructure, Defendant adopted and continued to use confusingly similar trademarks, trade name, and domain names.

32.    The Infringing Marks are confusingly similar to the Stallion Infrastructure Trademarks.

33.    Defendant uses the Infringing Marks to advertise, market, offer and provide goods and services that are closely related to, overlapping with, and/or directly competing with the Stallion Infrastructure Goods and Services. For example, Defendant uses the Infringing Marks in connection with jobsite and/or event services such as providing portable bathrooms and power and water systems which are directly overlapping and competing with services provided by Stallion Infrastructure under its Stallion Infrastructure Trademarks. Defendant identifies itself in Google search results in a manner that directly reflects that it is a competitor of Stallion Infrastructure, including search results that describe Defendant as "a trusted provider of essential infrastructure and logistics for construction sites, entertainment productions, and large scale events." See Exhibit B. As seen in this exhibit, Stallion Infrastructure search results appear in close proximity to Defendant's search results.

34.    Upon information and belief, Defendant adopted the Infringing Marks and purchased and developed a website at the Infringing Domain Names which will confuse consumers into falsely associating Defendant's goods and services with Stallion Infrastructure and the Stallion Infrastructure Goods and Services, to the detriment of Stallion Infrastructure.

35.    Such unauthorized use of the Infringing Marks has caused and will continue to cause harm to Stallion Infrastructure and the goodwill it has built and invested in the Stallion Infrastructure Trademarks over many years.

36.    Defendant's use of the Infringing Marks for goods and services such as equipment services and infrastructure services creates a likelihood of confusion in the marketplace.

37.    Defendant had, at least, constructive knowledge of Stallion Infrastructure's senior and substantial rights in the Stallion Infrastructure Trademarks

13

FIRST AMENDED COMPLAINT

due to the existence of the Stallion Infrastructure Registrations long prior to its adoption of the Infringing Marks and Infringing Domain Names for use in connection with closely related, overlapping and competing services.

38.     On November 5, 2025, Stallion Infrastructure sent Defendant a cease-and-desist letter demanding that they abandon the Infringing Marks. A copy of this letter is attached as Exhibit C.

39.     Stallion Infrastructure sent a further cease-and-desist letter dated January 13, 2026, to which Defendant responded but refused to abandon the Infringing Marks and/or surrender the Infringing Domain Names.

40.     Defendant continues to use the Infringing Marks and the Infringing Domain Names.

41.     Defendant's actions are causing, and unless enjoined, will continue to cause irreparable harm to Stallion Infrastructure.

## COUNT I

(Federal Trademark Infringement)

42.     Stallion Infrastructure hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 41 above.

43.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution or sale of goods or services which is likely to result in confusion, mistake or deception.

44.     Stallion Infrastructure owns all right, title, and interest in and to the Stallion Infrastructure Trademarks and the Stallion Infrastructure Trademark Registrations are in good standing, valid, and enforceable.

45.     Further, a number of the Stallion Infrastructure Trademark Registrations are incontestable.

46.     Defendant has adopted and used in the United States commerce, without the consent of Stallion Infrastructure, the Infringing Marks in connection with the

14

FIRST AMENDED COMPLAINT

promotion, marketing, advertising, distribution, sale and rendering of goods and/or services in a manner likely to result in confusion, mistake or deception with respect to Stallion Infrastructure and the Stallion Infrastructure Trademarks, leading the public to believe that Defendant's services emanate from Stallion Infrastructure, or that Stallion Infrastructure has approved, sponsored or otherwise associated itself with Stallion Pro and Stallion Pro's goods and/or services.

47. Through the unauthorized use of the Infringing Marks, Defendant is unfairly benefiting from and misappropriating Stallion Infrastructure's goodwill and reputation, resulting in substantial and irreparable injury to the public and to Stallion Infrastructure.

48. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49. Defendant's conduct is willful and reflects Defendant's intent to trade on and exploit the goodwill and strong brand recognition associated with the Stallion Infrastructure Trademarks.

50. Defendant's wrongful acts should be enjoined by this Court and will continue unless so enjoined.

51. Defendant's acts have caused, and will continue to cause, irreparable injury to Stallion Infrastructure, which injury has no adequate remedy at law. Stallion Infrastructure is entitled to a preliminary and permanent injunction restraining Defendant and its related companies, agents, employees and representatives, and all persons acting in concert with them, from engaging in further such acts of infringement.

52. As a result of Defendant's wrongful conduct, Stallion Infrastructure has suffered, and will continue to suffer, damages, including monetary damage. Stallion Infrastructure is entitled to recover damages in an amount to be established at trial.

53. Defendant, through its use of the Infringing Marks, has obtained unjust profits, gains and advantages as a result of infringement, and will continue to realize unjust profits, gains and advantages as a result of infringement as long as such infringement is permitted to continue. Stallion Infrastructure is entitled to recover

FIRST AMENDED COMPLAINT

Defendant's profits from Defendant in an amount to be established at trial as well as statutory and exemplary relief.

54.   Since Defendant's infringement is willful, Stallion Infrastructure is also entitled to exemplary damages at trial, including but not limited to its attorneys' fees and costs and a trebling of the monetary damages.

## COUNT II

(California Unfair Competition)

55.   Stallion Infrastructure hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 54 above.

56.   Defendant's acts complained of herein constitute unfair competition under the common law of the State of California in violation of California Business & Professions Code § 17200, et seq.

57.   Defendant's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Stallion Infrastructure in the State of California where Stallion Infrastructure has had a presence since at least 2021, which presence includes office and warehouse space, more than 100 infrastructure support surveillance and communication units; and at least one employee.

58.   Defendant's aforementioned acts have damaged Stallion Infrastructure in an amount to be determined at trial.

59.   Defendant has irreparably injured Stallion Infrastructure. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Stallion Infrastructure's rights, for which it has no adequate remedy at law.

60.   Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, Plaintiff is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

16

FIRST AMENDED COMPLAINT

# COUNT III

## (Cyberpiracy)

61.     Stallion Infrastructure hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 60 above.

62.     A. Defendant has acted in bad faith with the intent to profit from the infringing use of the Stallion Infrastructure Trademarks, including by registering, trafficking and using the Infringing Domain Names, stallionsiteservices.com and stallionproservices.com, which are confusingly similar to the Stallion Infrastructure Domain Name and the Stallion Infrastructure Trademarks, contrary to 15 U.S.C. § 1125(d).

B. The Infringing Domain Names incorporate one or more Stallion Infrastructure Trademarks in addition to a descriptive or generic term (i.e., STALLION plus "site services" or STALLION plus "pro services").

C. Defendant has no legitimate reason for adopting a trademark, trade name or domain name that incorporates the Stallion Infrastructure Trademarks.

63.     Defendant has not made any *bona fide* noncommercial or fair use of the Infringing Domain Names.

64.     Rather, Defendant diverted consumers away from the Stallion Infrastructure website to a site accessible under the Infringing Domain Names, in a manner that harms the goodwill represented by the Stallion Infrastructure Trademarks, for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of such site.

65.     Defendant's wrongful acts will continue unless enjoined by this Court.

66.     Defendant's acts have caused, and will continue to cause, irreparable injury to Stallion Infrastructure, which injury has no adequate remedy at law. Stallion Infrastructure is entitled to a preliminary and permanent injunction restraining Defendant and its agents, employees and representatives, and all persons acting in concert with it, from engaging in further such acts of infringement.

17

FIRST AMENDED COMPLAINT

67.     Stallion Infrastructure is entitled to statutory damages of up to $100,000, as provided for in Section 1117(d) of the Trademark Act.

68.     As a result of Defendant's wrongful conduct, Stallion Infrastructure has suffered, and will continue to suffer, damages. Stallion Infrastructure is entitled to recover damages in a total amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFOR, Stallion Infrastructure prays for entry of a final judgment in its favor and against Defendant ordering and declaring as follows:

a.     That Defendant is liable to Stallion Infrastructure for claims for relief and demands for damages and relief asserted by Stallion Infrastructure in this action, including that Defendant: (1) has violated section 32(1)(a) of the Lanham Act (15 U.S.C. § 1114(1)(a)); (2) has violated section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); and (3) has violated California Business and Professions Code §§ 17200, et seq.

b.     That Defendant's conduct was willful.

c.     That Defendant, and each of its respective owners, officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation, be temporarily and permanently enjoined and restrained from: (1) using for any purposes whatsoever, including registration of any domain name or otherwise on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, distribution or rendering of any goods or services, or any confusingly similar designation or other reproduction, counterfeit, copy or colorable imitation of trademarks owned by Stallion Infrastructure; (2) adopting, using or seeking trademark registration for, directly or indirectly, any confusingly similar designation or other reproduction, counterfeit, copy or colorable imitation of any Stallion Infrastructure Trademarks, including but not limited to any use of STALLION, a design of a horse or any term or image that has an identical or very similar connotation; (3) representing by any means whatsoever, directly or

18

FIRST AMENDED COMPLAINT

indirectly, or doing any other acts calculated or likely to cause confusion or mistake, or to deceive consumers into believing, that Defendant's goods or services originated with Stallion Infrastructure, or that there is any affiliation or connection between Stallion Infrastructure and Defendant or their products or services, and from otherwise unfairly competing with Stallion Infrastructure; and (4) effecting assignments or transfers, forming new entities or associations, or taking or utilizing any other act or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

d.      That Defendant be required, pursuant to Section 34 of the Lanham Act, U.S.C. § 1116, to file with this Court and to serve upon Stallion Infrastructure within 30 days after service upon Defendant of this Court's injunction issued in this action a written report setting forth in detail the manner in which Defendant has complied with the injunction.

e.      That Stallion Infrastructure recover all available monetary recovery and damages, actual or otherwise, including Defendant's profits, as a result of the infringement and wrongful conduct of Defendant, including: (1) damages suffered by Stallion Infrastructure, trebled, pursuant to 15 U.S.C. § 1117(b); (2) all illicit profits that Defendant derived while using infringements of Stallion Infrastructure Trademarks, trebled, pursuant to 15 U.S.C. § 1117(b); (3) statutory damages in the amount of $100,000, pursuant to 15 U.S.C. § 1117(d) in connection with the Infringing Domain Names; (4) Stallion Infrastructure's costs and attorneys' fees to the full extent available pursuant to pursuant to 15 U.S.C. § 1117(a); (5) profits, damages and fees, to the full extent available, pursuant to California law; (6) an award of exemplary damages from Defendant pursuant to Cal. Civ. Code. § 3294; and (7) all available pre- and post-judgment interest on all amounts awarded to Stallion Infrastructure, until paid.

f.      That Defendant's Infringing Domain Names (stallionsiteservices.com and stallionproservices.com) be transferred to Stallion Infrastructure pursuant to 15 U.S.C. § 1125(d).

FIRST AMENDED COMPLAINT

g.     That Defendant be prohibited from destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer files or other electronic storage media) that relate to the claims in this case.

h.     That Stallion Infrastructure have such other and further relief as the Court may deem just and proper, under law and at equity.

i.     Awarding Stallion Infrastructure such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Stallion Infrastructure demands a jury trial on all issues triable by a jury.

DATED:  April 16, 2026        By:    */s/ Michael Eshaghian*

Michael Eshaghian, Bar No. 300869
michael@meshiplaw.com
Mesh IP Law, PC
5632 Van Nuys Blvd. #1395
Van Nuys, CA 91401
Telephone: (213) 357-5668

Janice Housey (admitted *pro hac vice*)
jhousey@litmuslaw.com
Litmus Law PLLC
4 Weems Lane #240
Winchester, VA 22601
(703) 957-5274

*Attorneys for Plaintiff Stallion Infrastructure Services, Ltd.*

20

FIRST AMENDED COMPLAINT